**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHMOND TECHNOLOGIES, INC., a Georgia corporation, d/b/a ePayware,<br><br>   Plaintiff,<br>v.<br><br>AUMTECH BUSINESS SOLUTIONS, an unincorporated association; AUMTECH ISOLUTIONS PVT. LTD, an Indian corporation, DAMIAN JOSEPH POLITO, JENNIFER POLITO, SHANKAR BOSE and ILA BOSE,<br><br>   Defendants. | Case No.: 11-CV-02460-LHK<br><br>ORDER DENYING EX PARTE MOTION FOR TRO WITHOUT PREJUDICE |

On May 20, 2011, Plaintiff Richmond Technologies, Inc., doing business as ePayware,[1] filed the instant action against Defendants Aumtech Business Solutions ("Aumtech America"), Aumtech i-Solutions Pvt. Ltd. ("Aumtech India"), Damien Joseph Polito, Jennifer Polito, Shankar Bose, and Ila Bose. Shortly thereafter, on May 23, 2011, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO"). There is no indication that Defendants have been served with the summons and complaint or given notice of Plaintiff's motion for a TRO. Having considered the arguments and declarations provided by Plaintiff, the Court finds that Plaintiff has

---

[1] According to the Complaint, on October 12, 2009, Plaintiff Richmond Technologies, Inc. acquired the assets of ePayware Inc., continued ePayware's business, and became the successor in interest to ePayware's contracts, including its contracts with Defendant Aumtech India. *See* Compl. ¶ 25.

1

Case No.: 11-CV-02460-LHK
ORDER DENYING EX PARTE MOTION FOR TRO WITHOUT PREJUDICE

1   not satisfied the requirements of Federal Rule 65(b) for issuance of a TRO without notice to the

2   adverse party.  Accordingly, the Court DENIES Plaintiff's *ex parte* motion for a TRO without

3   prejudice.  After Plaintiff serves Defendants with the summons, complaint, and all other filings in

4   this action, and files proof of service with the Court, Plaintiff may renew its motion for a TRO or

5   seek an expedited hearing on a motion for preliminary injunction

6   **I.   Background**

7   Plaintiff ePayware is a company that provides enterprise resource planning ("ERP")

8   software for financial service companies who provide credit card terminals to merchants.  Compl. ¶

9   1.  In 2007, ePayware hired Defendant Aumtech India to develop software and conduct

10  maintenance of its ERP modules.  Compl. ¶ 23; Decl. of Sandeep Menon in Supp. of Pl's Mot. for

11  TRO ("Menon Decl.") ¶¶ 4-5 & Ex. A.  On September 15, 2009, ePayware and Aumtech India also

12  entered into a Confidentiality and Non-Disclosure Agreement that included a non-compete clause,

13  as well as restrictions on interference with ePayware's customers and solicitation of its employees.

14  Menon Decl. Ex. B. ¶¶ 4-6.

15  In its Complaint, Plaintiff ePayware alleges that, in 2010, Defendant Aumtech India

16  "hatched a plan" with former ePayware employee Jennifer Polito and her husband Joseph Damien

17  Polito to create a venture called Aumtech Business Solutions ("Aumtech America").  Compl. ¶ 4.

18  Plaintiff claims, among other things, that this venture violates the Confidentiality and Non-

19  Disclosure Agreement because it offers the same services provided by ePayware and directly

20  competes with ePayware.  Compl. ¶ 4, 7, 40.  Plaintiff claims, further, that Aumtech America has

21  been actively soliciting ePayware's clients and marketing its competing services at industry trade

22  shows, in violation of the Confidentiality and Non-Disclosure Agreement.  Compl. ¶¶ 7-8, 32-33.

23  After learning of these alleged breaches, ePayware terminated its software development and

24  maintenance agreement with Aumtech India.  Menon Decl. ¶ 7.  ePayware then demanded that

25  Aumtech India release the software source code to ePayware so that ePayware could transition its

26  software support and development to another vendor.  Compl. ¶ 36.  ePayware claims that it has

27  paid for the software development and maintenance provided by Aumtech India and that it needs

28  the source code in order to fulfill its obligations to its customers.  Compl. ¶ 37; Menon Decl. ¶ 11.

1   According to ePayware, Aumtech India has refused to release the source code unless ePayware
2   first provides a payment of $20,000.  Compl. ¶ 36; Menon Decl. ¶ 9.  ePayware now seeks a
3   temporary restraining order that would (1) compel Defendant Aumtech India and its principals to
4   release the source code to ePayware, and (2) enjoin Defendants from competing with ePayware in
5   violation of the Confidentiality and Non-Disclosure Agreement.

## II. Legal Standard

Because Plaintiff seeks issuance of a TRO without notice to the adverse parties, Plaintiff must satisfy both the general standard for temporary restraining orders and the requirements for *ex parte* orders set forth in Federal Rule of Civil Procedure 65(b).  The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

In addition, a plaintiff seeking issuance of a TRO without notice to the defendant must satisfy two further requirements: (1) "specific facts in an affidavit or a verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*," and (2) the applicant's attorney must certify in writing the reasons why notice should not be required.  Fed. R. Civ. Pro. 65(b)(1) (emphasis added).  The Ninth Circuit has cautioned that there are very few circumstances justifying the issuance of an *ex parte* TRO.  *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Such circumstances include "a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (quoting *Amer. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

### III. Analysis

In this case, Plaintiff argues that an *ex parte* TRO should issue because Plaintiff will suffer irreparable injury if Aumtech India withholds the source code and continues to violate the non-compete agreement until this action is resolved. Plaintiff states that without the source code, it will be unable to fulfill its obligations to its customers and thus could permanently lose both its customers and the goodwill it has accumulated. Similarly, Plaintiff argues that if Aumtech America is allowed to continue competing with Plaintiff and soliciting its customers during the pendency of this action, Plaintiff will suffer irreparable harm in the form of lost business goodwill and reputation.

The Court agrees that loss of customers, goodwill, and business reputation may constitute irreparable harm in some circumstances. *See Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (upholding issuance of preliminary injunction to enforce non-compete agreement and finding that "intangible injuries" to advertising efforts and goodwill can constitute irreparable harm). In this instance, however, Plaintiff has failed to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*," as required for issuance of an *ex parte* TRO. Fed. R. Civ. Pro. 65(b)(1) (emphasis added). In its brief and declarations, Plaintiff states that it will suffer irreparable injury "if Aumtech India withholds the source code until resolution of this action" or if it receives a damages award for breach of the non-compete agreement "a year or two from now." TRO Mot. at 4, 7; *see also* Menon Decl. ¶ 12 ("Waiting until the resolution of this action to receive the source code would cause irreparable harm to ePayware's business"). However, Plaintiff fails to set forth any facts suggesting that it is likely to face immediate irreparable harm before Defendants could be heard in opposition to Plaintiff's motion. Plaintiff has not alleged that Defendants cannot be located in time for a hearing, that Defendants are likely to destroy the source code if given notice, or otherwise suggested that it is likely to suffer irreparable injury if consideration of preliminary relief is postponed slightly in order to provide Defendants an opportunity to be heard. *See Reno Air Racing Assoc.*, 452 F.3d at 1131 (suggesting that issuance of an *ex parte* TRO may be appropriate where the adverse party cannot be located in time for a

4

hearing or where an infringer is likely to dispose of infringing goods before a hearing).  Plaintiff's attorney also has not "certif[ied] in writing the reasons why notice should not be required," as mandated by Rule 65(b).  Indeed Plaintiff has not addressed why a TRO should issue without notice to Defendants.

Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 129 S.Ct. at 376.  Where a plaintiff seeks such relief without notice to the adverse party, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *Reno Air Racing Assoc., Inc.*, 452 F.3d at 1131.  In this case, Plaintiff has not complied with the requirements of Rule 65(b) and has not argued that it will face immediate, irreparable injury if Defendant is advised of Plaintiff's application for a TRO and provided an opportunity to be heard.  Accordingly, Plaintiff has not demonstrated that issuance of an *ex parte* TRO is warranted, and the Court DENIES Plaintiff's *ex parte* motion for a temporary restraining order.

**IV.  Conclusion**

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion for an *ex parte* TRO without prejudice.  Accordingly, after Plaintiff serves Defendants with the summons, complaint, and all other filings in this action, and files proof of service with the Court, Plaintiff may renew its motion for a TRO.  However, if Plaintiff chooses instead to file a motion for a preliminary injunction, the Court finds that Plaintiff has made a sufficiently strong showing to warrant an expedited hearing on such a motion.

**IT IS SO ORDERED.**

Dated: May 25, 2011

_____
LUCY H. KOH
United States District Judge

5

Case No.: 11-CV-02460-LHK
ORDER DENYING EX PARTE MOTION FOR TRO WITHOUT PREJUDICE