**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHMOND TECHNOLOGIES, INC., a Georgia corporation, d/b/a ePayware,<br><br>Plaintiff,<br>v.<br><br>AUMTECH BUSINESS SOLUTIONS, an unincorporated association; AUMTECH ISOLUTIONS PVT. LTD, an Indian corporation, DAMIAN JOSEPH POLITO, JENNIFER POLITO, SHANKAR BOSE and ILA BOSE,<br><br>Defendants. | Case No.: 11-CV-02460-LHK<br><br>ORDER SETTING BRIEFING AND HEARING SCHEDULE ON MOTIONS |

On May 20, 2011, Plaintiff Richmond Technologies, Inc., doing business as ePayware, filed the instant action against Defendants Aumtech Business Solutions ("Aumtech America"), Aumtech i-Solutions Pvt. Ltd. ("Aumtech India"), Damien Joseph Polito, Jennifer Polito, Shankar Bose, and Ila Bose. Shortly thereafter, on May 23, 2011, Plaintiff filed an *ex parte* motion for a temporary restraining order ("TRO"). The Court denied Plaintiff's *ex parte* motion on grounds that Plaintiff had not satisfied the requirements of Federal Rule 65(b) for issuance of a TRO without notice to the adverse party. *See* Order Denying Ex Parte Motion for TRO Without Prejudice, ECF No. 17. The Court indicated, however, that Plaintiff might renew its TRO motion, or seek a preliminary injunction, after serving Defendants with the summons, Complaint, and all other filings.

On June 3, 2011, the parties filed a number of documents in response to the Court's order. Plaintiff filed an *ex parte* motion for substituted service on Defendants Aumtech India, Shankar Bose, and Ila Bose, who are located in India. Defendants Aumtech America, Jennifer Polito, and Joseph Polito filed a motion to dismiss for improper venue or, in the alternative, to transfer on grounds of improper venue or convenience. Defendants Aumtech India, Shankar Bose, and Ila Bose filed a motion to dismiss based on defective summons, defective service, and lack of personal jurisdiction. Finally, Plaintiff filed a renewed motion for a temporary restraining order and preliminary injunction. Defendants have filed a response in opposition to Plaintiff's motion for substituted service, but no other responsive briefs have yet been filed.

Defendants' motions are currently noticed for hearing on September 1, 2011. However, these motions raise significant threshold issues of personal jurisdiction and venue. The Supreme Court has stated that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Venue is also a threshold determination, which a court may resolve before reaching jurisdictional questions under certain circumstances. *See id.* at 432; *see also Lizalde v. Advanced Planning Services, Inc.*, No. 10cv0834–LAB (RBB), 2011 WL 1103642, at *2 (S.D. Cal. Mar. 25, 2011). Thus, the Court finds that the issues of personal jurisdiction and improper venue raised by Defendants' motions should be resolved in conjunction with Plaintiff's renewed motion for a temporary restraining order and preliminary injunction. *See Multimin USA, Inc. v. Walco International, Inc.*, No. CV F 06-0226 AWI SMS, 2006 WL 1046964, at *1 (E.D. Cal. Apr. 11, 2006) (noting court's determination that "issues of personal jurisdiction and venue needed to be decided before the court addressed the motion for a temporary restraining order").

Accordingly, the Court will set a briefing and hearing schedule for the pending motions, as set forth below. Because of the more extended briefing schedule on Plaintiff's motion for a TRO and preliminary injunction, the Court will treat this motion as a motion for preliminary injunction. Additionally, in order to narrow the issues considered on an expedited basis, the Court will not address transfer for *convenience* under 28 U.S.C. § 1404(a) at this time, and will limit

2

Case No.: 11-CV-02460-LHK
ORDER SETTING BRIEFING AND HEARING SCHEDULE ON MOTIONS

consideration of venue issues to the question of whether venue in the District is proper, pursuant to 28 U.S.C. § 1406 and Rule 12(b)(3). Briefing and hearing will proceed as follows:

(1) Plaintiff shall file a reply in support of its *ex parte* motion for substituted service by Wednesday, June 8, 2011. Unless otherwise indicated, the Court will resolve this motion without a hearing.

(2) By Friday, June 10, 2011, the parties shall file briefs in opposition to (1) Plaintiff's motion for a TRO/preliminary injunction, (2) Defendants' motion to dismiss for lack of personal jurisdiction, improper service, and defective summons, and (3) Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406.

(3) By Thursday, June 16, 2011, the parties shall file reply briefs in support of (1) Plaintiff's motion for a TRO/preliminary injunction, (2) Defendants' motion to dismiss for lack of personal jurisdiction, improper service, and defective summons, and (3) Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406.

(4) The Court will hold a hearing on Plaintiff's motion for a TRO/preliminary injunction and Defendants' motions to dismiss on June 23, 2011 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: June 6, 2011

_____
LUCY H. KOH
United States District Judge